THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CR-61-RAS-DDB |
| | § | |
| DANIEL JACQUES MEYER, | § | |
| | § | |
| Defendant. | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 11, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Ernest Gonzalez.

On March 27, 2009, Defendant was sentenced by the Honorable United States District Judge John McBryde to forty-six (46) months of imprisonment followed by a three (3) year term of supervised release for the offense of Attempt to Commit a Felony Affecting a Bank. On March 9, 2012, Defendant completed his period of imprisonment and began service of his term of supervised release. On March 6, 2014, the Honorable United States District Judge Richard A. Schell accepted jurisdiction of this matter, and this case was transferred from the Northern District of Texas to the Eastern District of Texas on April 2, 2014 [Dkt. 1].

On July 27, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 6]. The Petition asserted that Defendant

violated the following conditions: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance, submitting to one drug test within fifteen (15) days of release from imprisonment, and at least two (2) periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill; and (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

The Petition alleges that Defendant committed the following acts: (1) On July 7, 2014, in Denton County, Texas, Defendant was convicted of Aggravated Assault with a deadly weapon, under cause number F-2013-1702-C, and was sentenced to a term of three (3) years of imprisonment at the Institutional Division of the Texas Department of Criminal Justice; and (2) On August 26, 2013, Defendant submitted a urine specimen that tested positive for hydrocodone/extended opiates, and admitted that he did not have a prescription for said medication (which results were confirmed by laboratory testing).

Prior to the Government putting on its case, Defendant entered a plea of true to allegation one, and the Government withdrew allegations two and three. Having considered the Petition and the plea of true to allegation one, the Court finds that Defendant did violate his conditions of supervised release by committing the offense of Aggravated Assault with a deadly weapon. The Court recommends that his supervised release be revoked.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fifteen (15) months to be served consecutively to any term of imprisonment Defendant is currently serving, with no supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons, Ft. Worth FCI facility, if appropriate.

**SIGNED this 11th day of August, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE